

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00429-CR

ROLANDO CADENA                                          APPELLANT
A/K/A ROLAND CARDENA

V.

THE STATE OF TEXAS                                     STATE

------------

### FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Rolando Cadena a/k/a Roland Cardena appeals his conviction and sentence after the trial court revoked his deferred adjudication community supervision. In three points, Appellant claims that the trial court abused its discretion by revoking his community supervision and by ordering him to

---

[1]*See* Tex. R. App. P. 47.4.

reimburse his court-appointed attorney fees.   We modify the trial court's judgment and affirm it as modified.

**Background Facts and Procedural History**

In 2006, Appellant pleaded guilty to aggravated sexual assault of a child and received eight years' deferred adjudication community supervision.  One of the terms of his community supervision required that he complete sex-offender counseling treatment within three years of its "initiation."  Appellant met with his sex-offender counselor for the first time on August 7, 2006.  Shortly after this meeting at the end of August 2006, he was arrested on an outstanding warrant and incarcerated for five months.  He was released on January 22, 2007, and started attending group counseling sessions on February 24, 2007.

In 2008, Appellant pleaded true to having violated the terms of his community supervision by drinking alcohol and hiring a prostitute, and the trial court ordered him confined for sixty days as a condition of continuing his community supervision.

In September of 2009, the State filed its petition to adjudicate alleging that Appellant had violated the terms of his community supervision by not paying fees and by not timely completing his sex-offender counseling within the required three-year period.  The trial court granted the State's petition after a hearing, adjudicated Appellant guilty, and sentenced him to ten years' confinement.

**Standard of Review**

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94. Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

**Proof of Violations**

In his first two points, Appellant argues that the trial court abused its discretion by adjudicating him guilty and revoking his community supervision because the evidence does not support the trial court's findings that he violated

the terms of his community supervision by failing to pay fees and by not completing his sex-offender counseling within three years.

The State alleged that Appellant violated the terms of his community supervision by failing to complete his sex-offender counseling/treatment within three years of its initiation. The record shows that in August 2006 Appellant was placed on community supervision, met with his counselor for the first time, and signed a contract promising to complete his counseling goals by August 9, 2009. Of the thirty goals that he needed to accomplish within the three-year period, ten were to have been completed each year, but the evidence shows that Appellant came up short each year. By the end of August 2009, he was still five goals behind.[2]

Appellant contends that the trial court abused its discretion by finding that he did not complete his counseling within the three-year period because the three-year period actually ended on April 24, 2010, not in August 2009 as alleged by the State. To arrive at the later date, Appellant argues that his sex-offender treatment was not initiated on the day he first met with his counselor, but on February 24, 2007, when he attended his first group session. Then he argues that his completion date should be pushed back several months to account for the times he spent in jail after his arrest on an outstanding warrant and after he

_____

[2]Appellant's sex-offender-treatment counselor, Jorge Medina, testified that in the first year Appellant fell five goals behind; that in the second he completed nine out of ten; and that at the end of the third year, he had completed eight out of ten goals. Medina testified that two goals were waived and that the three-year period ended with Appellant still lacking completion of several goals.

4

violated his community supervision the first time.  In essence, Appellant argues that he did not complete his required counseling because, through no fault of his own, it was impossible for him to do so.

Viewed in the light most favorable to the trial court's ruling, however, the record reasonably supports the trial court's belief by a preponderance of the evidence that Appellant had the ability to complete his counseling and failed to do so.  First, it was reasonable for the trial court to conclude that Appellant's counseling was initiated on the first day he met with his counselor in August 2006, rather than the later date when he first participated in a group therapy session.  The evidence at the hearing was uncontradicted that Appellant signed a contract with his counselor on August 24, 2006, agreeing to complete his counseling within three years.

Next, although there is evidence in the record that Appellant was incarcerated, and therefore unable to participate in therapy sessions for eight months during the thirty-six months he had to complete his thirty treatment goals, the evidence also shows that he could have completed the goals had he applied himself.  As soon as Appellant was released from his first period of incarceration, he was instructed to schedule a group session but delayed in doing so for approximately one month.  His second incarceration, which was for sixty days, resulted from him having violated the conditions of his community supervision by consuming alcohol and hiring a prostitute.  Appellant was told by the trial court on four occasions during his period of community supervision that he needed to

5

complete his therapy goals by August 2009. Appellant's probation officer testified that Appellant admitted not taking his treatment seriously, saying, "I just honestly have not taken my homework as seriously as I should have."

The evidence also shows that when motivated by an impending deadline, Appellant could apply himself to his therapy. He testified that "the last 21 days I went through practically every single session throughout the week. I quit working that 21 days to see if I could get as many goals completed before my deadline."

Based on the evidence in the record, the trial court reasonably could have concluded that the reason Appellant did not successfully complete his treatment regimen is because he did not sufficiently apply himself. The trial court also could have reasonably concluded that Appellant's own criminal conduct shortened the time within which he had to complete his counseling. He could not and did not claim to misunderstand the requirement and the time limitations. The trial court did not abuse its discretion by denying Appellant additional time to complete his counseling and by finding the alleged violation to be true. We overrule Appellant's second point.[3]

---

[3]Because a trial court's revocation of community supervision will be upheld if the trial court properly sustained any one of the State's allegations, we need not address Appellant's first point. *See Moore*, 605 S.W.2d at 926; *Sanchez*, 603 S.W.2d at 871.

## Attorney's Fees and Reparations

In his third point, Appellant contends that the trial court erred by ordering that he pay reparations and appointed counsel's fees absent any evidence that he was able to do so.

The following appears at the bottom of the Judgment Adjudicating Guilt:

**Furthermore, the following special findings or orders apply:**

THE COURT RECOMMENDS THAT APPOINTED COUNSEL FEES ASSESSED UNDER THE TEXAS CODE OF CRIMINAL PROCEDURE, ANN., ARTICLE 26.05 IN THE AMOUNT OF $1,100.00 BE PAYABLE TO AND THROUGH THE CRIMINAL DISTRICT CLERK'S OFFICE OF TARRANT COUNTY, TEXAS, AS A CONDITION OF PAROLE.

REPARATIONS IN THE AMOUNT OF $2,387.00

The State concedes that to the extent that the trial court's assessment of appointed counsel's fees constitutes a final order, it was error because there was no assessment of whether Appellant had the financial resources to pay the fees. The State requests that we reform the judgment to delete the recommended assessment of attorney's fees. We grant the State's request, hold that an order requiring reimbursement of attorney's fees is improper, and sustain Appellant's third point to that extent.

To the extent that Appellant complains of the reparations entry in the amount of $2,387.00, however, such an entry is required by the code of criminal procedure: "In all revocations of a suspension of the imposition of a sentence the judge shall enter the restitution or reparation due and owing on the date of the

7

revocation." Tex. Code Crim. Proc. Ann. art. 42.03, § 2(b) (Vernon Supp. 2010). We overrule Appellant's third point as to that entry.

## Conclusion

Having overruled Appellant's second point and the portion of his third point complaining of the entry of reparations in the judgment, having sustained the portion of his third point complaining of the entry of attorney's fees in the judgment, and having determined that we need not address his first point, we modify the judgment to delete the recommended assessment of attorney's fees and affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b).


LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 24, 2011